STURGIS, Chief Judge
(dissenting).
The parties to this interlocutory appeal presented their briefs and arguments on the premise that the only point of law involved is whether or not a change of venue may be ordered in eminent domain proceedings. In my opinion the point thus stated is so limited in scope as not to fully present the essential issues developed by the order appealed.
This is a suit to condemn easements of right of way for the construction and maintenance upon several parcels of separately owned property, including that of the appellee, of poles, towers, wires and lines for the transportation of electric current to the public.
I am in accord with the proposition that Section 73.21, Florida Statutes, F.S.A., should not be construed to absolutely prohibit a change of venue in eminent domain proceeding's, and also with the abstract principles of law regarding due process and the rights of the individual as stated by the majority. I think, however, that the statute must be followed unless it is competently made to appear that a fair and impartial trial cannot be had in the county where the land lies.
The isolated point of law presented by the parties to this appeal ignores the critical issue always present before the trial court on proceedings for change of venue, that is, whether on the showing made by the appli *841 cant it is reasonably made to appear that a change of venue is necessary in order to insure a fair trial of the cause. Indeed, the first assignment of error on this appeal is that “The Court erred in determining that the defendant, Anthony Kelley, was entitled to a change of venue.” As I construe this assignment, it embraces each and every argument that may be addressed to the validity of the order appealed, including, of course, the argument that F.S. Section 73.-21, F.S.A., prohibits change of venue in eminent domain proceedings.
I am not unaware of the general rule that our appellate courts will treat as abandoned assignments of error not argued by the briefs. This rule does not bear the connotation, however, that the parties to an appeal may limit the orbit of the consideration which the appellate court shall give to an assignment of error by the device of framing the points of law involved, as set out in their briefs, in such manner as to omit a point of law fairly encompassed in the assignment of error, one upon which the decision of the appellate court may or should turn. While appellant’s brief herein challenges the order appealed on the primary ground that F.S. § 73.21, F.S.A., prohibits a change of venue in eminent domain proceedings, I am of the opinion that a much broader challenge is presented by the first assignment of error, supra; that it also presents to this court the critical question of the sufficiency of the facts upon which the movant relied as a basis for the order appealed. Being in agreement, therefore, that the statute does not constitute an absolute bar to a change of venue in eminent domain proceedings, the question always remains as to whether a proper showing is made to warrant change of venue. The only showing in this cause, upon which the order appealed is based, is the following statement in appellee’s unverified motion for change of venue:
“That it is common knowledge and generally established that a vast majority of the citizens of Walton County that are qualified for jury duty are shareholders, customers and consumers in the plaintiff company and this would bias and prejudice them in this trial to the extent that it would prohibit the defendant from receiving a fair, just and impartial evaluation of the evidence by a jury. Further, that the prevalence and proportion of such prospective jurors that occupy the aforesaid status and relationship with the plaintiff are so numerous that it would preclude a selection of an impartial jury.”
These allegations are nothing more than a series of non sequiturs which, in my opin-. ion, fail to provide a competent basis for the order appealed. Other than these bare conclusions of the pleader, there is nothing in the record on appeal remotely indicating that appellee is unable to receive “a fair, just and impartial evaluation of the evidence by a jury” impaneled to try the cause in Walton County. On oral argument it was admitted that the condemning authority did not operate in the city of DeFuniak Springs, which we must judicially recognize as the county seat of said county, having a population of 5,282 according to the 1960 federal census. I suggest that it is altogether illogical to conclude, on no better “proof” than the motion herein, that a fair and impartial jury of twelve cannot be impaneled in Walton County to try this cause. The following provision of the order appealed clearly indicates that a qualified jury can be impaneled in said county to try the issues in this cause:
“This Order granting change of venue is applicable only to the defendant, ANTHONY KELLEY. The trial of this cause as to all other defendants shall remain in Walton County.”
The parties to an appeal do not have the prerogative, by agreeing upon the points of law involved pursuant to appropriate assignments of error, to thereby limit the extent to which the appellate court may probe the validity of the order, judgment or decree appealed. I think the appellate court *842 in any case has inherent power if not the absolute duty to examine beyond that range in arriving at justice under the law. In any proceeding testing the right to a change of venue, the overriding question is whether the facts warrant such relief. If this were not so, a change of venue would be available as a matter of right upon motion of any interested party or a subject within the power of the trial court to arbitrarily resolve of its own motion. Consequently, I am of the opinion that it is the duty of this court on this appeal to examine into and pass upon the question of the sufficiency of the facts upon which the order appealed is predicated, and that upon such inquiry the order appealed should be vacated.
I therefore dissent.